# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROSALIE M. MEDINA,**

      Plaintiff,

vs.                                                                  Civ. No. 01-982 MCA/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed June 24, 2001 (Docket No. 8). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken and should be denied.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

      1. Plaintiff Rosalie M. Medina applied for Social Security Disability benefits on December 22, 1995 alleging disability due to back pain, depression and anxiety. Tr. 93, 97, 126-27, 136, 139, 106-07, 120-24. Her claims were denied initially and upon reconsideration. Tr. 69-71, 72-75, 76-79,

1

82-4. Plaintiff requested a hearing on May 28, 1998. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on May 25, 1999. At the hearing the Plaintiff was represented by her attorney. On June 25, 1999, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. §404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993. The claimant has not engaged in post-onset substantial gainful activity; the claimant has an impairment or combination of impairments of back pain, depression and anxiety attacks which are "severe"; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations are not entirely credible and are not supported by objective medical evidence; the claimant has the residual functional capacity for at least light work; the claimant can perform her past relevant work as a tape librarian; and the claimant's past work as tape librarian does not entail any functional demands beyond those outlined in the residual functional capacity finding.

3. The Plaintiff filed a request for review. In an undated letter, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed her complaint for court review of the ALJ's decision on August 28, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is

not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. Se 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limits her ability to do basic work activities and his impairment meet or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff raises five arguments in support of her Motion to Reverse or Remand . First, Plaintiff argues that the ALJ erred in failing to weigh all the evidence and providing no explanation for her rejecting the opinions and assessments of Plaintiff's treating medical providers. Second, the ALJ erred in substituting her opinion for that of the medical experts. Third, the ALJ's psychiatric

evaluation of the Plaintiff is not supported by substantial evidence. Fourth, the ALJ erred in failing to make explicit and necessary findings as to the physical and mental demands of Plaintiff's past work. And five, the Court should remand with instructions to award benefits.

Plaintiff's burden.

8. Plaintiff failed to carry her burden in establishing that she has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or last or can be expected to last for least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, psychological or psychological abnormalities which are demonstrate by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

9. Plaintiff's x-rays show no evidence of significant abnormalities. The x-rays in the record merely show some signs of osteoporosis and mild scoliosis. Tr. 196, 204. With regard to Plaintiff's depression and anxiety the record shows that Plaintiff has had problems on and off over the years which were usually controlled by medication. Tr. 229, 254.

Treating physician opinion evidence.

10. Plaintiff asserts that the ALJ did not consider the opinions or properly discount the opinions of her treating physicians. Specifically, Plaintiff asserts the ALJ did not consider the medical evidence provided by Drs. Lewis, Hunter and Green and the counseling records from Conflict

4

Management. Plaintiff is correct in asserting that the ALJ must give substantial weight to a treating physician's opinion. Goatcher v. U.S. Dept. of Health & Human Services, 52 F.3 288, 289-90 (10th Cir. 1995). If the ALJ discounts a treating physicians opinion, he must give specific reasons for doing so.

11. An opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairments, including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant can] still do despite impairments, and [a claimant's] physical or mental restrictions." 20 C.F.R. §404.1527(a)(2). In this matter the Plaintiff's treating physicians did not state any opinions concerning Plaintiff's limitations. In addition, Plaintiff's treating physicians did not place any limitations on Plaintiff's activities nor state that the Plaintiff was unable to work. Thus, there is no error.

12. Further, it is clear from the ALJ's decision that she did consider the objective medical evidence in the record. She considered the x-rays ordered by Dr. Lewis. Tr. 34 and 35. She noted Plaintiff's treatment by Dr. Green. Tr. 36. The notes from Conflict Management are dated two years before the alleged onset date and thus not relevant to the ALJ's determination in this case. Tr. 153-175. Further the notes are written by a therapist. A therapist is not considered an acceptable medial source. 20 C.F.R. §404.1513.

Substitution of opinion of medical experts by ALJ.

13. Plaintiff asserts that the ALJ substituted her opinion for that of the medical experts. Specifically Plaintiff argues that the ALJ's statement that Plaintiff's lumbar spine x-rays were normal was inaccurate. In the decision, the ALJ specifically refers to the findings of Plaintiff's x-rays.

5

"While x-rays revealed some signs of osteoporosis, she does not have x-ray evidence of a compression fracture of a vertebral body with loss...X-rays of the lumbar spine taken on July 9, 1997 revealed mild scoliosis with no significant degenerative changes or other abnormalities."

Tr. 34-5.

14. Plaintiff's treating physician Dr. Lewis referred to Plaintiff's x-ray as normal and Dr. Legant, an orthopedic specialist stated that the x-rays of Plaintiff's spine were "essentially normal." Tr. 193, 204. The ALJ's findings are supported by the substantial evidence and there is no error.

Psychiatric Review Technique Form (PRTF).

15. Plaintiff asserts that the ALJ's finding on the PRTF is not supported by the evidence. The ALJ found that Plaintiff had only a slight restriction in daily activities. In analyzing the PRTF findings, the ALJ noted that Plaintiff's daily activities included fixing breakfast, cleaning the bedroom, washing clothes, taking a shower, and cleaning the kitchen. Tr. 36. In addition the record shows that Plaintiff is able to prepare simple meals, handle her own bills, engage in the hobbies of reading and sewing, care for her dog, attend church, walk everyday for exercise, and drive a car. Tr. 121-122, 136-40. Plaintiff's treating physicians did not address this issue. Moreover, the medial evidence is devoid of any observation of any deficiency in Plaintiff's ability to care for her personal needs. The ALJ's decision demonstrated the analysis of the evidence required to support her conclusion in the PRTF. Cruse v. U.S. Dept. of HHS, 49 F.3d 614, 617 (10th Cir. 1995).

16. Plaintiff appears to argue in her reply that the finding that "[t]here is nothing in the file to indicate that the claimant has ever had an episode of deterioration or decompensation n work or work-like settings" is not based on the evidence. However, Plaintiff does not point to evidence

supporting any other findings. Tr. 8. Finally, Plaintiff argues that the ALJ did not acknowledge the types of medications Plaintiff's was prescribed. As noted by the ALJ, the evidence shows that Plaintiff's depression and some of her anxiety was controlled by medication. Dr. Balcazar specifically noted that Plaintiff's main problem was of a physical nature. Tr. 231.

Past Relevant Work.

17.     Finally, Plaintiff asserts that the ALJ erred in not making explicit and necessary findings as to the mental and physical demands of her past work. In this case, the ALJ relied on information contained in the Dictionary of Occupational Titles ("DOT"). The ALJ "may rely on the Dictionary's job description claimant's job category as 'presumptively applicable to a claimant's prior work.'" Andrade, 985 F.2d at 1050. A claimant "may overcome the presumption that the Dictionary's entry for a given job title applies to him by demonstrating that the duties in his particular line of work were not those envisaged by the drafters of the category." Id.     Plaintiff has variously referred to her past work as distribution clerk and tape librarian. The ALJ found that Plaintiff's past relevant work as a tape library is light as defined the DOT (206.367-018). Tr. 38. A review of the duties in the DOT documents the duties that Plaintiff herself said she performed in her past job. Tr. 110. Further both the tape librarian description and production control clerk are classified as light and sedentary work respectively. Both jobs are consistent with the assessed residual functional capacity. Thus, Plaintiff's assertion is without merit.

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ applied the correct legal standards and her decision is supported by substantial evidence. Plaintiff's Motion to Reverse and Remand Administrative Decision, filed April 1, 2002, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**